**CV 13  4905**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TOWNES, J.
SCANLON, M.J.

----------------------------------------x
JOAN WELSCH,

        Plaintiff,

  -vs-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, POLICE OFFICERS
HASSAN PARIS, Shield No. 10125 and BRENDA
MALDONADO, Individually, Shield No. 21851,
who were involved in the incident resulting in plaintiff's
false arrest and injuries.

        Defendants.
----------------------------------------x

ECF CASE NO.

**COMPLAINT AND JURY DEMAND**

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against the City of New York, Police Officers Hassan Paris and Brenda Maldonado, Individually, both being police officers employed by the New York City Police Department, in their individual capacities and against Police Commissioner Raymond W. Kelly. Jurisdiction is base upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.     The amount in controversy exceeds $150,000.00 excluding interest and costs.

3.     Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundary of the Eastern District of New York.

4.     It is alleged that on November 9, 2012, the individual police officer defendants, all employed by the New York City Police Department ("NYPD"), acting under color of state law,



intentionally and willfully subjected plaintiff JOAN WELSCH to, *inter alia*, false arrest, and excessive force upon making an unreasonable seizure of the person of plaintiff. These actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the NYPD.

5. Plaintiff seeks monetary damages (special, compensatory and punitive) against the defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

6. Joan Welsch, was at all material times, of full age, a resident of the State of New York and a United States citizen.

7. At all times relevant to this complaint, all defendants named herein were duly appointed and acting officers and entities of the NYPD, acting under color of law, to wit: under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

8. Police Officer Hassan Paris (Shield Number 10125) together with Police Officer Brenda Maldonado (Shield Number 21851), at all times relevant were New York City Police Officers, and members of the New York City Police Department. They are each sued in their individual and official capacities as a result either of their actions at the scene of the incident giving rise to plaintiff's arrest, or, in their capacity as policymakers with respect to training, supervision and discipline of police officers under their command.

9. The City of New York ("The City") is a municipal corporation organized under the laws of the State of New York.

10. New York Police Commissioner Raymond Kelly ("The Commissioner") was at all times relevant the Commissioner of the New York City Police Department, and, as such, was a policymaker with respect to training, supervision and discipline of NYPD officers, including the individual defendants. The Commissioner is being sued both in his individual and official capacities.

11. The NYPD is a municipal corporation and the public employer of the said officers.

2

## **FACTS**

12. On or about November 9, 2012, at approximately 8:15 a.m., Joan Welsch ("Welsch" or "plaintiff"),"a 50-year old individual employed as a Health and Fitness Counselor for "Services for the Underserved" located in Manhattan, was driving her vehicle in the direction of a Hess gasoline station located on Fourth Avenue in Brooklyn, New York to purchase gasoline.

13. Plaintiff, a life-long New Yorker, is a law-abiding citizen, and had never before been arrested.

14. Plaintiff navigated onto President Street to attempt to access the Hess Station.

15. This incident and arrest occurred in the aftermath of 'Hurricane Sandy,' and a schedule had previously been commissioned whereby only odd numbered vehicle license plates could access gasoline on odd-numbered dates; plaintiff's license plate was odd-numbered..

16. Plaintiff proceeded to enter a gas line on the corner of Third Avenue and President Street; she was on the side of the road in the parking lane, and away from the corner in order to allow traffic flow and access around her vehicle while she waited in line.

17. While waiting for the gas line to move, with vehicles standing both in front of her vehicle and behind her vehicle, defendant Police Officer Hassan Paris ("Paris") shouted at plaintiff that "you are not getting gas."

18. Paris proceeded to instruct the operator of a nearby motor vehicle - a light truck – to move said operator's vehicle to the middle of the intersection of Third Avenue and President Street. Upon doing so, plaintiff's vehicle no longer had egress as it became fully blocked.

19. This action caused the intersection to become blocked to all traffic flow.

20. Officer Paris continuously and repeatedly shouted several times toward plaintiff that "you are not getting gas" as her vehicle remained blocked in due to Paris' actions.

21. Plaintiff was placed in fear by Paris' actions.

22. As a result, she intended to depart from the gas line, but was blocked in by Paris' vehicle. As a result, plaintiff was not allowed egress from the location.

23. Paris continued to yell at plaintiff. Plaintiff attempted to communicate with Paris that she no longer wished to remain on line to obtain gas, and instead merely wished to leave the area.

Plaintiff stood just outside her car door in an attempt to communicate to Paris her intention to leave the area.

24. However, Paris continued to shout at plaintiff and ordered plaintiff to remain in her vehicle. Plaintiff attempted to comply with this instruction and reached for the handle of her driver's side door in order to open said door.

25. Prior to being able to open her driver's side door and re-enter her vehicle, Paris grabbed plaintiff's left wrist, pulled and twisted plaintiff to the driver's side of the vehicle, pulled and twisted plaintiff's right arm behind her, shoved plaintiff against her vehicle, and placed handcuffs on her left wrist.

26. Paris then grabbed plaintiff's right wrist and forcefully yanked it behind her and fully handcuffed her.

27. Plaintiff exclaimed to Paris that plaintiff had recent shoulder surgery and a torn right bicep to which Officer Paris stated to her "I don't care.' Paris then repositioned plaintiff's vehicle by driving it in the middle of the intersection of Third Avenue and President Street, thus blocking traffic.

28. Police Officer Maldonado, Paris' partner, remained in the same police vehicle occupied by Paris throughout the incident, and failed at all times to intervene, even though having a duty to do just that under the circumstances presented herein.

29. Paris then proceeded to misrepresent what had just occurred in a conversation had with a NYPD Police Sergeant, stating to the Sergeant within plaintiff's earshot that plaintiff had blocked traffic in the intersection of Third Avenue and President Street, indicating the position of plaintiff's vehicle *after* Paris had moved plaintiff's vehicle from a location where it was not blocking traffic to one where it was now blocking traffic at the intersection listed above.

30. Thereafter, plaintiff was placed in a police van and transported first to the 78th precinct, and thereafter to Central Booking where she was charged with Obstructing Governmental Administration in the Second Degree (P.L. 195.05) and Disorderly Conduct (P.L. 240.20(5) (7)).

24. After approximately seventeen (17) hours of confinement, plaintiff was released from jail following her criminal court arraignment.

25. At no time during the events described above was plaintiff intoxicated, incapacitated,

4

a threat to the safety of himself or others, or disorderly; she had not committed any criminal offenses.

26. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize the person of the plaintiff.

27. Plaintiff was arbitrarily and falsely charged with the above-cited criminal charges.

28. On November 10, 2012 at her arraignment, the criminal charges against plaintiff were dismissed and sealed pursuant to P.L. Section 170.55.

29. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

30. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff Joan Welsch suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of her physical liberty.

    c. Physical pain and emotional trauma and suffering, requiring the expenditure of money and treatment, including, but not limited to, post-traumatic stress disorder ("PTSD"), swelling, abrasions, wounds and, scarring to her shoulder, arms and legs.

31. The actions of the defendant Officers violated the long-established and well-settled federal constitutional right of Joan Welsch, to wit: the freedom from the unreasonable seizure of Joan Welsch's person.

5

## COUNT I

### 42 U.S.C. Section 1983 Against Individual Defendant NYPD Officers.

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth hereinafter at length.

33. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants City of New York, NYPD, New York City Police Officers Paris and Maldonado engaged in the actions and conduct alleged herein in their official capacities as NYPD police officers and under color and authority of federal and state law, regulation, ordinance, custom and usage, for violation of Joan Welsch's constitutional rights under color of law. Each acted within the course and scope of their employment with the NYPD of defendant City of New York.

34. That such actions served to deprive Joan Welsch of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, she was deprived of her right to due process of law, of her right to happiness and to liberty.

35. Defendants New York City Police Officers named not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's civil rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

36. Plaintiff, Joan Welsch, has been damaged as a result of defendants' wrongful acts in the amount of Three Million Dollars.

## COUNT II

### False Arrest and Illegal Imprisonment Against Individual Defendant NYPD Officers.

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth hereinafter at length.

38. Defendant NYPD Police Officers named and unnamed herein illegally arrested and illegally imprisoned Joan Welsch. In doing so, these officers not only engaged in intentional

conduct, but they did so either with the intent to violate the plaintiff's federal rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

39. On November 10, 2012, The State of New York, to wit: The Kings County District Attorney's Office, consented to a dismissal and sealing of the criminal case pursuant to P.L. Section 170.55 encompassing each and every one of its criminal charges illegally brought against Joan Welsch in Kings County Criminal Court, Part AR-3 in the matter entitled *"The People of the State of New York vs. Joan Welsch*, Docket Number 2012KN091313."

40. As a result of the above-stated false arrest and illegal imprisonment, the plaintiff, Joan Welsch, suffered the damages as aforesaid in the amount of Three Million Dollars.

## COUNT III
### Assault and Battery against Defendants, et al.

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth hereinafter at length.

42. At the above time and place, defendant Paris, Maldonado and City of New York, through the actions of its agents, employees and police officers at the scene committed assault and battery (all within the course and scope of their employment) by subjecting Joan Welsch to harmful and offensive bodily contact with the intent to do so.

43. At the above time and place, Joan Welsch was consciously aware of this contact, did not consent to it, and was otherwise harmed by it.

44. Such harmful and offensive contact was unlawful, excessive, and was without legal justification or other privilege.

45. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC Section 1983, New York State Common Law and the New York State Constitution.

46. By reason of the foregoing, incorporating her false arrest and the other causes of actions set forth herein, Joan Welsch sustained serious physical, psychological and emotional injuries and conscious pain and suffering herein resulting in extensive and long-term health and medical care,

whereby she has specifically undergone treatment following the subject incident addressing the diagnosis and condition of post-traumatic stress disorder ("PTSD") resulting from the incident and arrest, and claims damages in the sum of Three Million Dollars.

## COUNT IV
### 42 U.S.C. Section 1983 Against Defendants

47. Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth hereinafter at length.

48. Prior to May 20, 2012, the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, which caused the violation of Joan Welsch's rights.

49. It was the policy and/or custom of the NYPD to inadequately supervise, train, discipline, sanction or otherwise direct its police officers, including the defendant officers named in this case, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The NYPD did not require appropriate in-service training of officers on the subject of police misconduct, nor did it take measures to prevent such constitutional abuses such as described herein.

50. As a result of the NYPD's developed policies and customs, police officers of the NYPD, including the defendant officers named in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. The above-mentioned policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the NYPD. Said policies, practices and customs have served to encourage and sanction the police officers' unlawful conduct described above, such conduct having adversely impacted upon the constitutional rights of citizens, and were the cause of the violations of the plaintiff's rights alleged herein on November 9, 2012.

52. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Three Million Dollars.

8

**WHEREFORE**, the plaintiff demands judgment against the defendants, jointly and severally, as follows:

a. In favor of plaintiff in the amount of Three Million Dollars for each of plaintiff's Causes of Action;

b. Awarding costs and disbursements of this action to the plaintiff;

c. Awarding reasonable attorney fees of this action to the plaintiff;

d. Awarding plaintiff punitive damages in the amount of Five Million Dollars for each of plaintiff's Causes of Action; and

e. Awarding such other and further relief as this Court may deem appropriate, just and proper

### JURY DEMAND

The plaintiff hereby demands a jury trial.

Dated:    Brooklyn, New York
          August 22, 2013

                                        THE PLAINTIFF,
                                        BY

                                        _____
                                        SPENCER A. LEEDS, ESQ.
                                        Attorney for Plaintiff
                                        26 Court Street, Suite 2100
                                        Brooklyn, New York 11242
                                        (718) 488-8255

9

TO:

New York City
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza, Room 1406
New York, New York 10006

Police Officer Hassan Paris, Shield No. 10125
78th Precinct
65 6th Avenue
Brooklyn, New York 11217

Police Officer Brenda Maldonado, Shield No. 21851
78th Precinct
65 6th Avenue
Brooklyn, New York 11217